IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                           No. CR 07-748 MCA

BRADLEY WASSON, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Bradley Wasson's *Motion to Dismiss Indictment Without Prejudice on the Basis that the Current United States Attorney has Been Unconstitutionally Appointed* [Doc. 215] filed on February 1, 2008. Having reviewed the parties' submissions, the relevant law, and being otherwise fully advised in the premises, the Court determines that Defendant's motion does not provide grounds for dismissing the *Superseding Indictment* [Doc. 36] for the reasons set forth below. Therefore, the motion is denied.

The *Administrative Order* appointing Gregory J. Fouratt as a United States Attorney pursuant to 28 U.S.C. § 546(d) has generated a number of recent rulings on the constitutionality of that statute and its purported effect on criminal prosecutions in the District of New Mexico. See United States v. Tafoya, No. CR 07-697 MCA, Doc. 130 (D.N.M. Feb. 15, 2008); United States v. Rose, No. CR 07-2145BB, Doc. 62 (D.N.M. Feb. 29, 2008); United States v. Baldwin, No. CR 07-2240 JB, Doc. 31 (D.N.M. Feb. 26, 2008);

United States v. Coriz, No. CR -6-2566 JH, Doc. 97 (D.N.M. Mar. 18, 2008); United States v. Smalls, No. CR 06-2403 RB, Doc. 257 (D.N.M. Mar. 19, 2008); United States v. Jarvis, No. CR 05-1849 JH, Doc. 1245 (D.N.M. Mar. 17, 2008); United States v. Rubalcaba, No. CR 07-789 LH, Doc. 32 (D.N.M. Apr. 1, 2008); United States v. Steadman, No. CR 07-1335 LH, Doc. 37 (D.N.M. Apr. 1, 2008). For substantially the same reasons that were previously articulated in those rulings, I decline to dismiss the *Superseding Indictment* in the case at bar.

As in Tafoya, the *Superseding Indictment* [Doc. 36] in the case at bar was filed before the date of the *Administrative Order* appointing Mr. Fouratt as United States Attorney. Under these circumstances, I conclude that questions about the constitutionality of the appointment of a United States Attorney would not affect the validity of the *Superseding Indictment*. See United States v. Gantt, 194 F.3d 987, 998 (9th Cir. 1999). I also conclude that this case does not provide an appropriate vehicle for a facial challenge to the constitutionality of the statute, and I decline to answer hypothetical questions about the statute's constitutionality which have no basis in fact. See United States v. Salerno, 481 U.S. 739, 745 (1987); Sabri v. United States, 541 U.S. 600, 608-09 (2004).

Unlike Tafoya, however, Mr. Fouratt has personally participated in the case at bar in his former capacity as an Assistant United States Attorney, and this case involves several Defendants who may be eligible for the death penalty. Insofar as these differences may warrant a closer examination of the merits of Defendant Wasson's assertion that the statute is unconstitutional as applied to the facts of this case, I adopt the reasoning expressed by my colleagues in United States v. Baldwin, No. CR 07-2240 JB, Doc. 31 (D.N.M. Feb. 26,

2008), and United States v. Smalls, No. CR 06-2403 RB, Doc. 257 (D.N.M. Mar. 19, 2008). I also acknowledge the weight of authority from other circuits which have upheld the constitutionality of the judicial appointment of a United States Attorney under 28 U.S.C. § 546(d). See Gantt, 194 F.3d at 999-1000; United States v. Hilario, 218 F.3d 19, 24-29 (1st Cir. 2000).

In particular, I agree with the proposition that neither 28 U.S.C. § 546(d) nor the *Administrative Order* appointing Mr. Fouratt as United States Attorney can reasonably be construed as providing this Court with the type of supervisory powers that would violate separation-of-powers principles or be incongruous with appropriate judicial activity under the test formulated in Morrison v. Olson, 487 U.S. 654 (1988). On the contrary, such supervisory powers remain with the President and his duly appointed Attorney General, who maintain the power to remove Mr. Fouratt, see 28 U.S.C. § 541(c), nominate someone else to replace him, see 28 U.S.C. § 546(c)(1), divest him of authority to act in a particular case, see 28 U.S.C. § 518, and decide whether to file a notice of intent to seek the death penalty under 18 U.S.C. § 3593(a) as to any of the death-eligible Defendants in this case. See United States v. Baker, 504 F. Supp. 2d 402, 414-15 (E.D. Ark. 2007) (citing statutes granting supervisory powers to the Attorney General).

The Attorney General's supervisory "authority is nowhere more clearly apparent than in the processing of capital cases that permit the government to seek the death penalty." Id. (citing United States v. Lee, 274 F.3d 485, 489 (8th Cir. 2001)). Under the Justice Department's internal protocol set forth in Section 9-10.040 of the July 1, 2007, version of

the United States Attorneys' Manual, "the Attorney General will make the final decision about whether to seek the death penalty."  The Attorney General's authorization also is required before a United States Attorney may "enter into a binding plea agreement that precludes the United States from seeking the death penalty," id. § 9-10.110,  or "withdraw a notice of intention to seek the death penalty," id. § 9-10.150.  The Court plays no role in reviewing the prosecutorial decisions of the Attorney General or the recommendations of the United States Attorney under this internal Justice Department protocol.  See Nichols v. Reno, 931 F. Supp. 748, 751-52 (D. Colo. 1996), aff'd, 124 F.3d 1376, 1377 (10th Cir. 1997); United States v. McVeigh, 944 F. Supp. 1478, 1483-84 (D. Colo. 1996).

For the foregoing reasons, I conclude that Defendant Wasson's motion provides no basis for dismissing the *Superseding Indictment* in this case.

**IT IS THEREFORE ORDERED** that Defendant Bradley Wasson's  *Motion to Dismiss Indictment Without Prejudice on the Basis that the Current United States Attorney has Been Unconstitutionally Appointed* [Doc. 215] is **DENIED**.

**SO ORDERED** in this 2nd day of April, 2008, in Albuquerque, New Mexico.

                                              **M. CHRISTINA ARMIJO**
                                              **UNITED STATES DISTRICT JUDGE**