AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Bradley Wasson** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:07CR00748-001MCA** |
| | USM Number: **18302-051** |
| | Defense Attorney: **Robert J. Gorence (appointed)** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **S1 and S6 of Indictment**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 1959(a)(5) | Violent Crimes in Aid of Racketeering Activity (Conspiracy to Murder Henry George) | 09/17/2002 | S1 |
| 18 U.S.C. Sec. 922(g)(1) | Felon in Possession of a Firearm, 18 U.S.C. Sec. 924(a)(2) | 06/21/2002 | S6 |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **2,3,4 and 5 of the Superseding Indictment** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| **San Juan** | **July 9, 2009** |
|---|---|
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ M. Christina Armijo** |
| | Signature of Judge |
| | |
| | **Honorable M. Christina Armijo** |
| | **United States District Judge** |
| | Name and Title of Judge |
| | |
| | **July 17, 2009** |
| | Date Signed |

Defendant: **Bradley Wasson**
Case Number: **1:07CR00748-001MCA**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **180 months**.

**A term of 120 months is imposed as to S1. A term of 120 months is imposed as to S6; of which 60 months will run concurrently and 60 months will run consecutively to S1 for a total imprisonment term of 180 months.**

☒ The court makes these recommendations to the Bureau of Prisons:

**Florence Federal Correctional Institution, Florence, Colorado, if eligible
The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant must surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this judgment by:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal

Defendant: **Bradley Wasson**
Case Number: **1:07CR00748-001MCA**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to each of Counts S1 and S6; said terms shall run concurrently.**
The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- ☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Bradley Wasson**
Case Number: **1:07CR00748-001MCA**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting any firearms, weapons, and illegal drugs at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The defendant shall have no contact with the co-defendants in this case.**

**The defendant will have no contact with the victim`s family at any time.**

AO 245B (Rev.12/03) Sheet 5, Part A - Criminal Monetary Penalties                                                                                                                 Judgment - Page 5 of 5

Defendant: **Bradley Wasson**
Case Number: **1:07CR00748-001MCA**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $200 | $0 | $2,912.62 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒   In full immediately; or
B     ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Mandatory Restitution Act, it is further ordered that the defendant will make restitution to Henry and Nancy George in the amount of $2,912.62. The restitution will be paid through the defendant`s participation in the Bureau of Prison`s, Inmate Financial Responsibility Program. Upon release the defendant shall pay any balance of restitution in monthly payments of not less than $200.**

**Restitution to be paid jointly and severally with co-defendant, Travis Dally.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.